**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

**CURTIS J. NEELEY, JR.** **PLAINTIFF**

**v.** **CASE NO. 5:14-CV-05135**

**5 FEDERAL COMMUNICATIONS COMMISSIONERS; FCC CHAIRMAN TOM WHEELER; U.S. ATTORNEY GENERAL ERIC HOLDER; MICROSOFT CORPORATION; and GOOGLE, INC.** **DEFENDANTS**

**ORDER**

This matter came before the Court on the 27th day of May, 2014, for a hearing on the Court's Order to Show Cause (Doc. 4) as to why Plaintiff Curtis J. Neeley, Jr. should not be held in contempt or otherwise sanctioned for repeated, willful violations of the Court's February 15, 2013 Order (Case No. 5:12-CV-05208, Doc. 58); sanctioned under Federal Rule of Civil Procedure 11 for filing his present *pro se* Complaint (Doc. 1); and his Complaint be summarily dismissed. Plaintiff appeared *pro se* at the hearing. Defendants were excused from filing responsive pleadings and from appearing at the hearing; however, attorney Josh Thane appeared on behalf of Defendant Google, Inc.

Plaintiff filed this action on May 6, 2014 (the "Current Complaint"), alleging unintelligible claims and violations of law by the Federal Communications Commission ("FCC"), Microsoft Corporation ("Microsoft"), and Google, Inc. ("Google"), among others, based upon Plaintiff's assertion that internet searches of his name return "artisan nude" images attributing the Plaintiff as being the photographer. This Court previously issued an Injunction barring Plaintiff from filing "any further motions, pleadings, or *pro se* complaints

related to events previously litigated without first obtaining the permission of the Court." (Case No. 5:12-CV-05208, Doc. 58). Because the Current Complaint seeks to circumvent the Injunction barring him from re-litigating these same and/or related claims, the Current Complaint is **DISMISSED WITH PREJUDICE**. Further, Plaintiff will be sanctioned for the reasons and in the manner set forth below.

## I. BACKGROUND

Plaintiff has previously filed several meritless complaints alleging the same or substantially similar facts and claims for relief, most of which have been dismissed by the Court with prejudice. These include Case Nos. 5:9-cv-05151 (*Neeley I*), 5:12-cv-05074 (*Neeley II*), 5:12-cv-05208 (*Neeley III*), 5:13-mc-00066 (*Neeley IV*); and 5:13-cv-05293 (*Neeley V*). The Court's February 15, 2013 Order in *Neeley III*[1] (hereinafter the "Injunction Order") barred Plaintiff from re-litigating any claims alleged in *Neeley I* and *Neeley II*, which alleged various violations of law by the FCC, Microsoft, and Google, "based upon the return of nude images attributed to Mr. Neeley in various internet searches."

The Injunction Order chronicles the history of Plaintiff's prior lawsuits, allegations, and claims for relief in *Neeley I* and *Neeley II*. Plaintiff's appeal of the Injunction Order was affirmed by the Eighth Circuit. *Neeley v. Fed. Commc'n Comm'n,et al.*, No. 13-1506 (8th Cir. Aug. 15, 2013). Plaintiff's Petition for *Certiorari* to the Supreme Court was denied. *Neeley v. F.C.C.*, 134 S. Ct. 496 (Oct. 21, 2013).

On November 8, 2013, shortly after *certiorari* was denied, Plaintiff sought the Court's permission to file a Complaint (*Neeley IV*) alleging that the FCC and Congress failed to

[1] Case No. 5:12-cv-05208, Doc. 58.

protect his minor children from indecent communications broadcast via the internet, including the display of "naked art" associated with internet searches of his name. The proposed Complaint in *Neeley IV* further alleged that Microsoft and Google refused to disable these search results in violation of his right to free speech. The Court denied Plaintiff's request to file the *Neeley IV* Complaint on November 14, 2013, and likewise denied his Motion for Reconsideration on December 12, 2013, finding the proposed Complaint to be essentially identical to Neeley's previously dismissed complaints.

Four days later, on December 16, 2013, Plaintiff filed a new Complaint (*Neeley V*) without seeking advance permission from the Court—thereby violating the Injunction Order—in which he made the same or substantially similar allegations as in *Neeley I, Neeley II, Neeley III*, and *Neeley IV*. The Court granted separate orders dismissing the defendants. The Plaintiff moved for reconsideration, contending that the Court was mistaken in finding the *Neeley V* Complaint related to events previously litigated. On March 7, 2014, the Court denied reconsideration, stating that it had conducted a "side-by-side comparison" with the Second Amended Complaint in *Neeley III*, and found that the claims were "identical in almost every respect." (*Neeley V*, Doc. 25)

Less than two months later, on May 6, 2014, Plaintiff filed his Current Complaint—once again without seeking advance permission from the Court. The Court reviewed the Current Complaint *sua sponte* and found the facts, issues, and claims for relief to be the same or substantially similar to *Neeley I, Neeley II, Neeley III, Neeley IV*, and *Neeley V*. In its Show Cause Order issued May 16, 2014, this Court found the Current Complaint to be frivolous and without merit on its face (Doc. 4). The Plaintiff was ordered

to appear for a Show Cause Hearing on May 27, 2014, to explain: (1) why he should not be held in contempt or otherwise sanctioned for repeated, willful violations of the Injunction Order; (2) why he should not be sanctioned under Federal Rule of Civil Procedure 11 for the filing of his Current Complaint; and (3) why the Current Complaint should not be summarily dismissed.[2]

## II. DISCUSSION

### A. 18 U.S.C. § 2511

As he explained at the Show Cause Hearing, Plaintiff contends that the "Google Images" website pulls up his profile on deviantart.com, bypassing a password requirement, in violation of the federal wiretap statute under 18 U.S.C. § 2511, a criminal statute. The Court finds that Plaintiff does not have standing to bring any claims pursuant to a criminal statute. Even if Plaintiff had sued under a civil relief provision, he has not alleged facts in the Current Complaint illustrating that anyone attempted to contemporaneously intercept any communications protected by 18 U.S.C. § 2511. Further, 18 U.S.C. § 2511(2)(g)(i) contains an exception for communications readily accessible to the general public, which are the kinds of communications Neeley complains about with regard to the deviantart.com images.

---

[2]Prior to the hearing, Plaintiff provided the Court with a proposed Amended Complaint. The Court has now reviewed Plaintiff's proposed Amended Complaint and finds it virtually identical to Plaintiff's Current Complaint, with the exception that he removed judges Steven M. Colloton, Denny Chin, and Raymond W. Gruender as defendants, and added additional language pertaining to his allegation that federal judges should not remain on the bench beyond age seventy (70).

**B. Ark. Code Ann. § 5-14-103**

Plaintiff next alleges that Microsoft and Google violated the Arkansas Computer Fraud statute, Ark. Code Ann. § 5-41-103, by causing images from password-protected pages to return in internet searches using Plaintiff's name. Again, the Court finds that Plaintiff does not have standing to bring a cause of action under an Arkansas criminal statute. Even assuming that Plaintiff intended to reference the civil provision of the Arkansas statute, Plaintiff has not alleged sufficient facts to make his claim recognizable or plausible. In order to set forth the elements of the private right of action, Plaintiff must allege that Defendants intentionally accessed his computer, computer system network, or any part thereof, for the purpose of "devising or executing any scheme or artifice to defraud or extort; or obtaining money, property or service with a false or fraudulent intent, representation, or promise." Ark. Code Ann. § 5-41-103. Plaintiff has failed to allege facts demonstrating Defendants have intentionally accessed his computer or computer network.

**C. Mandatory Retirement of Federal Judges**

Plaintiff further complains that judges who remain on the bench beyond age seventy (70) have violated Article III of the United States Constitution, because they are not holding their offices during "good behavior." U.S. Const. art. III, § 1. At the hearing, Plaintiff admitted, "I don't suppose there is anything that [the Court] could do [about this complaint]." (Doc.13, p. 18). The Court agrees that it has no power or authority to re-write Article III of the United States Constitution to suit Plaintiff's personal opinions regarding the mandatory retirement age of federal judges. Plaintiff has failed to state any plausible claim upon which relief may be granted.

**D. Federal Copyright Claims**

Plaintiff further argues that under copyright law, he should be able to control and prevent access to his works from internet searches, and that Defendants have violated his "rights." However, upon questioning by the Court, Plaintiff admitted that this Court in *Neeley III* ruled against his claims for alleged copyright violations. Plaintiff acknowledged that the Eighth Circuit affirmed the dismissal of his claims and entry of the Injunction Order in *Neeley III*. Plaintiff admitted in open court that he understood the concept of *res judicata* and agreed his case "was decided correctly – the thing is you can't – you know, beat the dead horse." (Doc. 13, pp. 19-20). Plaintiff subsequently advised the Court that he would "not sue Google or Microsoft or anybody else," ever again (*Id*. at 46).

**E. Congressional Malfeasance**

Plaintiff requests that the Court levy fines on his congressman and senator for "having perjured themselves." (*Id.* at 20). Plaintiff contends the United States Congress has not upheld their duty under the Constitution to protect the work of artists. Since members of Congress are immune from suit in their official capacities, this claim is without merit and easily dismissed. *Bogan v. Scott-Harris*, 523 U.S. 44, 54 (1998).

**F. Res Judicata**

Under the doctrine of *res judicata*, a judgment on the merits of a prior suit bars a second suit involving the same parties or their privies based on the "same nucleus of operative facts" as the prior claim. *Daley v. Marriott Int'l, Inc.*, 415 F.3d 889, 895-96 (8th Cir. 2005) (quoting *Costner v. URS Consultants, Inc.*, 153 F.3d 667, 673 (8th Cir. 1998). The Eighth Circuit applies a three-part test to determine whether *res judicata* applies: (1)

whether the prior judgment was rendered by a court of competent jurisdiction; (2) whether the prior judgment was a final judgment on the merits; and (3) whether the same cause of action and the same parties or their privies were involved in both cases. *First Nat. Bank in Sioux Falls v. First Nat. Bank S. Dakota*, 679 F.3d 763, 767 (8th Cir. 2012).

Plaintiff's allegations against Google, Microsoft, and the FCC arise from the same underlying facts and occurrences that were the basis of his prior claims–namely, that certain images are associated with internet searches of his name. With each subsequent complaint he files, Plaintiff attempts to alter the wording of his claims, and/or add additional defendants, but the fact remains that he continues to engage in vexatious litigation over claims that have been previously dismissed.

**G. Judicial and Congressional Immunity**

The actions against the "new" Defendants in the Current Complaint are not actionable claims. Judges enjoy immunity from suit when acting in their official capacity. *Mireles v. Waco*, 502 U.S. 9, 11 (1991)(citing *Mitchell v. Forsyth,* 472 U.S. 511, 526 (1985)). And, as previously stated, legislative officials have immunity from suit for their legislative activities. *Bogan*, 523 U.S. at 54.

**III. RULING**

**A. Current Complaint Dismissed**

This Court's Injunction Order enjoined Plaintiff from filing another lawsuit without first proffering it to the Court to determine whether it is related to previously litigated claims. Plaintiff has willfully violated the Injunction Order. The Current Complaint is dismissed with prejudice because: (1) it was filed without advance permission of the Court, in violation of

the Injunction Order; (2) it is barred by *res judicata*; and (3) it otherwise fails to state a plausible basis to support a recognized legal claim for relief.

**B. Sanctions**

The Court is exceedingly troubled by Plaintiff's repeated filing of frivolous and nonsensical claims, which demonstrates an intentional and willful violation of the Court's Injunction Order. The Court finds that Plaintiff should be sanctioned pursuant to Federal Rule of Civil Procedure 11 for the repeated filing of frivolous lawsuits regarding the same issues and claims. Rule 11 requires that any attorney or *pro se* litigant certify that a complaint is not being presented for any improper purpose, such as harassment or unnecessary delay, or to needlessly increase the cost of litigation. Fed. R. Civ. P. 11(b)(1). Rule 11 also requires that the claims, defenses, and other legal contentions in a complaint are warranted by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law or establishing new law. Fed. R. Civ. P. 11(b)(2). Although *pro se* complaints are read liberally, they must follow the requirements of Rule 11. *Kurkowski v. Volcker*, 819 F.2d 201, 204 (8th Cir. 1987). A *pro se* complaint may be frivolous if "filed in the face of previous dismissals involving the exact same parties under the same legal theories." *Id.*

Decisive action is required to prevent Plaintiff's abuse of the legal system through his vexatious filings. Pursuant to Rule 11(c), the Court finds it necessary to sanction the Plaintiff in the form of a fine, and by payment of Google, Inc.'s attorney fees, in order to deter Plaintiff's repetitive violations of the Rules and this Court's prior Orders. Additionally, the Court finds it necessary to broaden the scope and effect of its prior Injunction Order.

**IT IS THEREFORE ORDERED** that Plaintiff's Current Complaint (Doc. 1) is **DISMISSED WITH PREJUDICE**. Consequently, Plaintiff's "Motion for Summary Judgment" (Doc. 15) is **DENIED** as **MOOT**.

**IT IS FURTHER ORDERED** that the Plaintiff, Curtis J. Neeley, Jr., is hereby sanctioned with a fine levied against him in the sum of **Five Hundred Dollars ($500.00)**, which shall be paid to the CLERK OF THE COURT.

**IT IS FURTHER ORDERED** that the Plaintiff, Curtis J. Neeley, Jr., shall be obligated to pay Google, Inc.'s reasonable attorney fees and expenses associated with Plaintiff's filing of the Current Complaint. **Google is directed to submit an appropriate motion for attorney fees and expenses to the Court by no later than by August 19, 2014**. The Court will thereafter make a specific award in favor of Google, Inc.

**IT IS FURTHER ORDERED**, that the Court's prior Injunction Order[3] shall remain in full force and effect, as modified hereafter.

**IT IS FURTHER ORDERED**, that should the Plaintiff, Curtis J. Neeley, Jr., attempt to file another *pro se* complaint in this District, regardless of the purported allegations or claims therein, **the Clerk SHALL NOT ISSUE a summons without approval and further order of the Court**. Instead, the Clerk is ordered to accept Plaintiff's *pro se* complaints for filing (upon payment of the filing fees), and to promptly provide a copy of any such complaints to the Court for review. The Court will screen the Plaintiff's future complaints and determine the appropriateness of allowing summons to be issued, and will so inform the Clerk of its conclusion.

---

[3]Case No. 5:12-cv-5208, Doc. 58.

**IT IS FURTHER ORDERED**, that this Order shall not prohibit the Plaintiff from filing a proper Notice of Appeal in this action. Nor shall this Order prevent Plaintiff from filing any suit by and through a licensed attorney, and in such case summons shall be issued in the normal fashion. Finally, nothing in this Order will prohibit Plaintiff from defending himself in any criminal or civil litigation brought against him.

**IT IS SO ORDERED** this 5th day of August, 2014.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE